IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 18-141 |
| v. | ) | |
| | ) | |
| OSCAR CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion (Doc. 181) to be released on bond, based on Covid-19 health concerns, will be denied.

Defendant is housed at NEOCC, and his arguments − in-general and as relates to his status as an African-American − already have been considered and rejected by the Court. *See* Order dated Apr. 9, 2020 in U.S. v. Marquis Brown, Crim. Action No. 18-77 (W.D. Pa., Bissoon, D.J., presiding) (Doc. 70 in 18-77) (addressing conditions at NEOCC, and defendant's arguments regarding his being African-American).  The Court's prior analyses will not improve through repetition, and the legal reasoning in Brown is incorporated by reference herein as if fully restated.

The question that remains is whether the present Defendant's documented health condition(s) − alone or in combination with the aforementioned considerations − tip the scales in favor of release.  Having carefully considered all of the information in the record, the Court concludes that they do not.

While the Court does not mean to not diminish Defendant's real and significant health concerns, those must be weighed against the ones informing the pretrial detention determination in the first instance, namely, the risks that Defendant's release will pose in terms of danger to the

community and/or potential-flight. As the government highlights, this is a presumption case, and there exist very serious concerns regarding this Defendant, vis-à-vis danger to the community and the potential for flight. *See* Gov.'s Opp'n Br. (Doc. 193) (summarizing facts and evidence regarding the seriousness of the allegations against Defendant as related to a minor-victim; his lengthy and violent criminal history; his failure to follow prior court orders; and his past engagement in criminal activity while on supervision).

A defendant's health condition(s) and potential susceptibility to Covid-19 are not, and cannot be, sole determinative factors in deciding whether pretrial detention should be lifted. Rather, a defendant's unique and specific characteristics, both as relates to his or her health condition(s) *and* as relates to the risks associated with potential release, must be taken into account. U.S. v. Veras, 2020 WL 1675975, *4 (M.D. Pa. Apr. 6, 2020) (health condition "is just one factor to be considered and weighed against the other factors under the Bail Reform Act, including previous findings of danger to the community and risk of flight").

In this case, while Defendant's health concerns are not insignificant, they do not outweigh the rather significant concerns resulting in his detention in the first place. On this point, the Court does not believe the question to be a close one.[1] For these reasons, Defendant's Motion (**Doc. 181**) to be released on bond is **DENIED**.

IT IS SO ORDERED.

April 17, 2020                                             s\Cathy Bissoon
                                                               Cathy Bissoon
                                                                United States District Judge

---

[1] As alluded to previously, the Court has considered all of Defendant's arguments, in combination, and this is its conclusion.

cc (via ECF email notification):

All Counsel of Record