IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 18-141 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| OSCAR CARTER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant's Motions (Docs. 215 & 217) regarding discovery access will be denied, subject to the entry of the government's proposed order (*see* Doc. 226-2) modifying the existing Protective Order (Doc. 172).

Based on the government's submissions, it appears that Defendant has, in fact, been afforded over fifty (50) hours to review his discovery materials at NEOCC. *See* Doc. 226 at 5-6 (summarizing discovery log). Furthermore, the government reports that defense counsel (who, in light of the pandemic, understandably does not want to have extended in-person visits with his client) has the capacity to engage videoconference meetings with Defendant. These facts, coupled with the government's agreement to relax the existing Protective Order (based on, and limited to, the specific facts and circumstances presented in this case) reveal that Defendant has enjoyed, or will enjoy, a more than reasonable opportunity to review discovery materials. While Defendant may wish for indefinite, unfettered access, that is not provided for in the law. *See generally* Bucci v. U.S., 662 F.3d 18, 31 n.12 (1st Cir. 2011) ("[t]he defense of a criminal case . . . does [not] contemplate the employment of wholly unlimited time and resources") (internal alteration and citation to quoted source omitted).

As the Court previously has intimated, moreover, Defendant's seemingly unquenchable desire to investigate potential avenues of defense is in direct contradiction to his demand to proceed with this criminal prosecution in all haste.  Defendant presently has filed a request to proceed, via videoconference, with a hearing on his pretrial Motions (of which there are fourteen).  The Court is not inclined to proceed to a motions hearing while Defendant continues to express dissatisfaction regarding his access to discovery materials already-produced.

Accordingly, Defendant's Motions (**Docs. 215 & 217**) regarding discovery access are **DENIED**, subject to the entry – contemporaneously herewith – of the government's proposed order (*see* Doc. 226-2) relaxing the existing Protective Order.  Also, Defendant's Motion (**Doc. 229**) to conduct a videoconference hearing on his pretrial Motions is **DENIED**, without prejudice to renewal, once Defendant and his counsel are satisfied that all present discovery efforts have completed.

IT IS SO ORDERED.

January 28, 2021                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record